**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| EARLESHA DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:25-CV-113-ACL |
| | ) |
| TERRY WALSH, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Self-represented Plaintiff Earlesha Davis brings this employment discrimination action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, alleging discrimination based on race and color.  ECF No. 1.  Now before the Court is Plaintiff's Motion for Leave to Proceed *in forma pauperis*, or without prepayment of fees and costs.  ECF No. 3. Upon consideration of the financial information submitted in support of the motion, the Court finds that Plaintiff is unable to pay the filing fee.  The motion will be granted, and the fee will be waived. *See* 28 U.S.C. § 1915(a)(1).  Because Plaintiff is now proceeding *in forma pauperis*, her complaint must be reviewed under 28 U.S.C. § 1915(e)(2)(B).  Based on that review, the Court will direct Plaintiff to file an amended complaint within thirty (30) days, on a Court-provided form, in compliance with the instructions set out below.  Plaintiff should file her EEOC Charge of Discrimination and Right-to-Sue letter with her amended complaint.  Finally, Plaintiff has also filed a Motion for Appointment of Counsel.  ECF No. 2.  Because there is no constitutional right to appointment of counsel in civil cases and it would be premature to grant appointment at this stage in the proceeding, the Court will deny Plaintiff's Motion for Counsel, subject to refiling at a later date.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

**Plaintiff's Complaint**

Plaintiff initiated this employment discrimination action on a form complaint, naming a single defendant, Terry Walsh.  ECF No. 1 at 1-2.  Plaintiff's pleadings do not explain who defendant Walsh is or state any allegations of wrongdoing against her.  Instead, the Complaint alleges Title VII discrimination, based on race and color, against her prior employer—who appears to be Friendship Village (but this is never explicitly stated by Plaintiff).  *Id.* at 5; ECF No. 1-4 at 2.  Plaintiff asserts that she suffered unfair terms and conditions of employment, termination, and retaliation.  ECF No. 1 at 4.  The alleged discrimination occurred between October 15 and 22, 2024.  *Id.* at 3.

The factual basis of Plaintiff's case appears to be contained in two attachments to the Complaint.[1]  ECF No. 1-4 at 1-3.  Plaintiff attached an email that she sent to herself.  *Id.* at 1.  In that email, Plaintiff details how she complained to her nurse manager Angela during her October 15, 2024 shift about a change in assignments mid-way through her shift.  Angela "corrected the assignment schedule" and then Plaintiff went on break.  While on break, Angela asked Plaintiff to help a coworker with something.  When Plaintiff refused to help until her break was over, Plaintiff and Angela argued.  Angela accused Plaintiff of having an "attitude" and stated: "you people always have an attitude."  Plaintiff complained to the administration the next day about the incident, asserting that Angela was "discriminating" against her and "being unfair."  *Id.*  Later that day, Plaintiff received a "verbal warning" about questioning Angela about assignments and talking disrespectfully.  *Id.* at 1-3.  Plaintiff was then placed on administrative leave pending investigation.

---

[1] In assessing whether a complaint sufficiently states a valid claim for relief, courts may consider materials that are attached to the complaint as exhibits.  *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (citations omitted); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

A few days later, on October 22, 2024, Plaintiff was fired.  *Id.* at 1.

Plaintiff states that she filed a Charge of Discrimination with the EEOC, but she does not provide the date of the filing, nor does she attach the Charge to her Complaint.  *See* ECF No. 1 at 3 (leaving "Date filed" line blank).  Plaintiff did attach a Right-to-Sue letter, dated December 29, 2024; however, the letter does not name any employer or state who Plaintiff filed her Charge of Discrimination against.  *See* ECF No. 1-3.  The letter only references "Charge No. 560-2025-00672."  *Id.* at 1.

Finally, in terms of relief, Plaintiff seeks for the Court to "make [her] life whole," "pain and suffering," and "loss of wages."  *Id.* at 7.

### Discussion

Based on a careful review and liberal construction of the filings before the Court, Plaintiff has not adequately alleged claims to withstand review under 28 U.S.C. § 1915(e)(2).  Because Plaintiff is self-represented and she has presented serious allegations to the Court, she will be allowed to amend her complaint in accordance with the instructions set forth below.  *See Munz v. Parr*, 758 F.2d 1254 (8th Cir. 1985) (discussing how a court should give a self-represented plaintiff a statement of the complaint's deficiencies and a chance to amend the complaint before dismissing for failure to state a claim).  Plaintiff should attempt to cure the following pleading deficiencies in the filing of an amended complaint.

### I.    Correct Defendant

The Court cannot decipher from the pleadings who defendant Terry Walsh is and why Plaintiff named him as the defendant in this matter.  Walsh is not mentioned in the factual allegations of the pleadings.  Furthermore, Plaintiff never states the exact name of her past employer, who she was working for when the alleged discrimination occurred.  Plaintiff's past

employer is the properly named defendant in this Title VII matter.

Title VII prohibits "unlawful employment practice[s]" by an "employer" only. *See* 42 U.S.C. § 2000e-2(a). That is, while Title VII covers the conduct of employers, it does not impose individual liability. *See Powell v. Yellow Book USA, Inc.*, 445 F.3d 1074, 1079 (8th Cir. 2006) ("Title VII addresses the conduct of employers only and does not impose liability on co-workers"). In other words, "supervisors and other employees cannot be held liable under Title VII in their individual capacities." *Lenhardt v. Basic Inst. of Tech., Inc.*, 55 F.3d 377, 381 (8th Cir. 1995). As such, claims against individual defendants are subject to dismissal. *See Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994) (concluding "that the claims against the individual defendants were properly dismissed because liability under 42 U.S.C. § 2000e(b) can attach only to employers"). Therefore, in filing her amended complaint, Plaintiff should only name her past employer as the defendant, and not any individuals with whom she worked.

## II.    File Charge of Discrimination

The confusion on the name of Plaintiff's past employer is amplified by the fact that the Right-to-Sue letter filed by Plaintiff does not state who she filed her EEOC discrimination claim against. *See* ECF No. 1-3. Before bringing suit under Title VII, a plaintiff must first file a charge of discrimination with the EEOC and receive a right-to-sue letter. *Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000). Although Plaintiff has attached her Right-to-Sue letter to her Complaint, she has not provided the Court with a copy of her Charge of Discrimination. Consequently, the Court will order Plaintiff to include both her Right-to-Sue letter and her Charge of Discrimination (regarding "Charge No. 560-2025-00672") with her amended complaint, so that the Court may ascertain whether Plaintiff's claims in her pleadings are likely or reasonably related to the claims outlined in her Charge. *See Duncan v. Delta Consol. Indus., Inc.*, 371 F.3d 1020,

5

1024 (8th Cir. 2004); ECF No. 1-3 at 1.

### III.    Minimum Pleading Requirements to State a Title VII Claim

Plaintiff brings this action under Title VII which makes it unlawful for an employer to discriminate against an individual on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). To establish a prima facie case of Title VII discrimination, a plaintiff must show that she: (1) is a member of a protected class; (2) was meeting her employer's legitimate job expectations; (3) suffered an adverse employment action; and (4) was treated differently than similarly situated employees who were not members of his protected class. *Jackman v. Fifth Jud. Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 804 (8th Cir. 2013) (citation omitted).

Plaintiff's Complaint in this matter fails to meet these requirements. Plaintiff alleges discrimination on the basis of race and color, but she never specifies her own race or color, nor does she allege membership in any protected class. The Court cannot assume facts that are not alleged in the complaint. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004). In addition, Plaintiff never details any disparate treatment. The Complaint is void of any allegations that similarly situated employees of a different race or color were treated more favorably. Plaintiff's amended complaint must allege enough facts to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 679. Plaintiff must plead factual content which allows the Court to draw a reasonable inference that her past employer is liable for misconduct. *Id.* at 678.

Plaintiff also alleges a Title VII retaliation claim. ECF No. 1 at 4. Title VII prohibits retaliation against an employee "because he has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e–3(a). In this case, there are no factual allegations regarding any retaliatory

behavior whatsoever.  Although the Court must liberally construe self-represented complaints, Plaintiff must plead enough factual allegations for her claims to be plausible.  *See Iqbal*, 556 U.S. at 679.

### Instructions for Filing an Amended Complaint

Plaintiff must prepare her amended complaint using a Court-provided form, and she must follow Rules 8 and 10 of the Federal Rules of Civil Procedure.  Her self-represented status does not excuse her from following the Federal Rules of Civil Procedure or the Local Rules of this Court. *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856-57 (8th Cir. 1996).

Rule 8 requires Plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise, and direct.  Rule 8(a)(2) sets forth a "notice pleading standard" and simply requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

Rule 10(b) requires Plaintiff to state her claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.  Each count shall then set forth in separate, numbered paragraphs: 1) the relevant facts supporting the claim; 2) the constitutional, statutory, or other right that defendant violated; and 3) the relief Plaintiff seeks for the claim (for example, money damages or equitable relief).  Plaintiff shall follow the same format with respect to each claim.  In stating the facts of a claim, Plaintiff must describe the conduct she alleges is unlawful and the date(s) such conduct occurred, if known.  In other words, Plaintiff must describe the adverse employment action(s) she believes was taken, when it was taken, why it amounted to discrimination or other unlawful conduct, and the basis for such discrimination or unlawful

conduct (that is, race, religion, color, disability, etc.).

Plaintiff must also attach a complete copy of her EEOC Charge of Discrimination and EEOC Notice of Right to Sue. These documents will be considered a part of the amended complaint for all purposes. Fed. R. Civ. P. 10(c). The Court will direct the Clerk of Court to provide Plaintiff with a blank Employment Discrimination Complaint form, and Plaintiff will have **thirty (30) days** from the date of this Memorandum and Order to file an amended complaint on the form provided. The amended complaint must be signed under penalty of perjury and completed in accordance with the instructions provided in the form, as well as the instructions provided in this Memorandum and Order. Plaintiff is cautioned that the filing of an amended complaint completely replaces all earlier filed complaints in this action. Claims that are not realleged are deemed abandoned. *E.g., In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005).

### Denial of Motion for Appointment of Counsel

Finally, Plaintiff has also filed a motion for the appointment of counsel. ECF No. 2. The appointment of counsel for an indigent plaintiff in a civil matter lies within the discretion of the Court. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). Once the plaintiff has alleged a *prima facie* claim, the Court must determine the plaintiff's need for counsel to effectively litigate her claim. *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. *Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds by Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005). This determination involves the consideration of several

relevant criteria, including "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794 (citing *Edgington*, 52 F.3d at 780).

In this matter, the Court finds that appointment of counsel is not warranted at this time. The action appears to involve straightforward questions of fact rather than complex questions of law. Further, the request for counsel is premature, as no defendant has been served, and the Court has not issued any Case Management Order. The Court concludes that the appointment of counsel would not be of sufficient benefit to the Court or to Plaintiff at this time, and will deny Plaintiff's motion for appointment of counsel, without prejudice.

### Conclusion

Plaintiff's motion to proceed *in forma pauperis* will be granted and the filing fee will be waived. However, Plaintiff's Complaint does not survive review under 28 U.S.C. § 1915(e)(2)(B) so she must file an amended complaint on a Court-provided form within **thirty (30) days** of this Order, in an attempt to cure her pleading deficiencies. Plaintiff should attach a complete copy of her EEOC Charge of Discrimination and EEOC Notice of Right to Sue. Finally, as there is no constitutional right to counsel in civil cases, Plaintiff's motion for counsel will be denied at this time, subject to refiling at a later date. Because Plaintiff is proceeding *in forma pauperis*, the Court will also review the amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and/or failure to state a claim. A claim must survive § 1915 review in order for Plaintiff to proceed in this lawsuit.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Proceed *in forma*

*pauperis* [ECF No. 3] is **GRANTED** and the filing fee is waived.

      **IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel [ECF No. 2] is **DENIED** without prejudice.

      **IT IS FURTHER ORDERED** that the Clerk of Court shall mail Plaintiff a blank Employment Discrimination Complaint form.

      **IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint, within thirty **(30) days** of the date of this Order, on the Court-provided Employment Discrimination Complaint form in accordance with the instructions set forth in that form and in this Memorandum and Order. Plaintiff shall attach her EEOC Charge of Discrimination and EEOC Notice of Right to Sue.

      **Failure to timely comply with this Order may result in the dismissal of this action without prejudice.**

      Dated this 11th day of March, 2025.


                                      */s/ Abbie Crites-Leoni*
                                      ABBIE CRITES-LEONI
                                      UNITED STATES MAGISTRATE JUDGE