UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EARLESHA DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:25-cv-00113-ACL |
| ) | |
| TERRY WALSH, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Self-represented Plaintiff Earlesha Davis filed this employment discrimination action against her prior employer, Friendship Village of Sunset Hills. On March 11, 2025, the Court granted Plaintiff's motion to proceed *in forma pauperis* and directed her to file an Amended Complaint, in an attempt to cure the pleading deficiencies in her initial Complaint. ECF No. 4. Now before the Court is Plaintiff's Amended Complaint for review under 28 U.S.C. § 1915. For the reasons explained below, the Court finds that this case must be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere

conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a *pro se* complaint under 28 U.S.C. § 1915, the Court accepts the well-plead facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the *pro se* plaintiff that assumed facts that had not been pleaded).

### The Amended Complaint

Plaintiff Earlesha Davis seeks relief for alleged employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, against her prior employer, Friendship Village of Sunset Hills. ECF No. 5. According to

2

Plaintiff, she was employed by Friendship Village from May to October 2024, as a certified nurse assistant. *Id.* at 5.  On or around October 15, 2024, Plaintiff was working in her "regular scheduled assigned rooms" when her nurse-manager, Angela Crowe, "reassigned" her after another employee arrived late for her shift.  Plaintiff complained to Crowe about the reassignment, but no change was made.  Later that same day, while Plaintiff was on a break, Crowe asked Plaintiff "to assist" the late-employee with something.  Plaintiff told Crowe that she would help when her break was over.  Crowe responded: "You people always got an attitude." *Id.*

The next day, Plaintiff went to see her supervisor "to make a complaint."  But, instead of "taking" her complaint, Plaintiff was given a "verbal warning for insubordination."  When Plaintiff "declined to sign [the] write up," she was suspended pending an investigation for insubordination.  Plaintiff states that she was never contacted regarding an investigation, but that, on or around October 22, 2024, she was terminated. *Id.*

Plaintiff states that she is African American, as is her supervisor.  However, nurse Crowe and the late-employee (who caused the assignment change) are Caucasian.  Plaintiff alleges that she was discriminated against based on her race and that she was "subjected to retaliation for engaging in protected activity." *Id.*  Plaintiff does not state what that protected activity was.  Plaintiff also asserts that her terms and conditions of employment differed from similarly situated employees. *Id.* at 4.  For relief, Plaintiff seeks lost wages, pain and suffering damages, and that the Court "make [her] life whole." *Id.* at 7.

3

Plaintiff attached multiple exhibits to her Amended Complaint, including her charge of discrimination (*id.* at 9-10); her right-to-sue letter from the Equal Employment Opportunity Commission (EEOC), dated December 29, 2024 (*id.* at 11-13); a statement from a former coworker at Friendship Village (*id.* at 14); an 'Employee Corrective Action Notice' from Friendship Village, dated October 15, 2024 (*id.* at 15-16); a letter from the Illinois Department of Employment Security regarding benefits (*id.* at 17); and a notice that her rent was past due, dated November 8, 2024 (*id.* at 18).[1]  Most of these exhibits provide duplicative or irrelevant information, except for the coworker statement and the Corrective Action Notice.

The coworker statement reiterates much of the same information alleged by Plaintiff but with a significant difference.  According to the coworker, when Plaintiff went to talk to nurse Crowe about Plaintiff's reassignment after the employee arrived late, Plaintiff informed the coworker that nurse Crowe "had corrected the schedule" and that Plaintiff could "stay on her same assignment since she had been on her current assignment all day." *Id.* at 14.  This differs from Plaintiff's statement that Crowe did not change her reassignment after Plaintiff complained to her about it.

The Corrective Action Notice appears to be the "verbal" warning that Plaintiff received on October 15, 2024 and refused to sign. *Id.* at 15-16.  According to this Notice, Plaintiff "should speak respectfully to other staff/management" and be aware that "[a]ssignments are subject to change anytime during the shift and staff should go where

---

[1] In assessing whether a complaint sufficiently states a valid claim for relief, courts may consider materials that are attached to the complaint as exhibits. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (citations omitted); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleagID for all purposes.").

4

assigned." *Id.* at 15. In addition, this Notice contains a different version of the October 15th incident—presumably nurse Crowe's version of events. According to the Notice, the evening of the incident was very busy for the nursing staff at Friendship Village, causing needed staffing changes to occur later than they normally would have. Plaintiff had been sitting with a specific resident, but nurse Crowe felt that was no longer needed so she changed Plaintiff's assignment. Nurse Crowe wrote the assignment change "on the board" but did not tell Plaintiff personally. Later, other staff members informed Crowe that Plaintiff was not happy with the change. By the time nurse Crowe found Plaintiff to discuss the change with her, there were only 2 hours left in the shift. Plaintiff informed Crowe that she wanted help from another employee with her new assignment. Crowe told Plaintiff to ask that employee for help, but Plaintiff felt that it was Crowe's job to ask the employee to assist Plaintiff. So, Crowe asked the employee to help Plaintiff but when Crowe informed Plaintiff that the employee would help, Plaintiff walked down the hall to take a break. *Id.* at 16. When Crowe questioned Plaintiff about why she would go on break after Crowe had just gotten someone to help her, Plaintiff said that she would not help until after her break. At that point, Crowe told Plaintiff to just go home. Plaintiff asked why she should leave early on a shift that was almost over and Crowe explained that Plaintiff had been given an assignment and Crowe got her help to complete it, but Plaintiff was "still not doing it." *Id.*

### Discussion

Based on a careful review and liberal construction of the pleadings, the Court finds that Plaintiff's Amended Complaint fails to meet the pleading requirements for Title VII

5

discrimination and retaliation claims. Plaintiff has not adequately alleged facts in support of her claims to withstand review under 28 U.S.C. § 1915(e)(2). As such, this case will be dismissed for failure to state a claim upon which relief may be granted.

**I.      Race Discrimination Claim Fails**

Title VII makes it unlawful for an employer to discriminate against an individual because of her race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). To establish a prima facie case of Title VII discrimination, a plaintiff must show that she: (1) is a member of a protected class; (2) was meeting her employer's legitimate job expectations; (3) suffered an adverse employment action; and (4) was treated differently than similarly situated employees who were not members of her protected class. *Jackman v. Fifth Jud. Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 804 (8th Cir. 2013) (citation omitted).

Plaintiff has adequately alleged the first and third requirements for stating a Title VII claim. She is African American, and she claims that she was fired due to her race. However, Plaintiff's conclusory statement that she was subjected to different terms and conditions of employment than other similarly situated Caucasian employees, is not enough. Plaintiff does not clearly establish any disparate treatment.

According to Plaintiff, nurse-manager Crowe changed her shift assignment due to a late-arriving Caucasian employee. However, according to Plaintiff's coworker, after Plaintiff complained to Crowe, her assignment was not changed. Regardless, the Corrective Action Notice indicates that Crowe did change Plaintiff's assignment because Crowe felt that the resident that Plaintiff was sitting with no longer needed assistance.

6

Accepting that Plaintiff's shift assignment was changed, there is no evidence that the late-arriving Caucasian employee was the reason for the reassignment.  Apparently, it was a very busy night.  In addition, there is no evidence that the late-employee was given Plaintiff's original assignment or that the late employee was given a better assignment than Plaintiff.  Nothing supports the assertion that this Caucasian employee was treated more favorably.  Furthermore, there is no evidence that Plaintiff and the late-arriving employee were even similarly situated employees.  Plaintiff does not state whether the late employee was also a certified nursing assistant or whether she had the same amount of experience or skill as Plaintiff.  Plaintiff had only been employed at Friendship Village for approximately 5 months.  Overall, the Amended Complaint is void of any allegations that a similarly situated employee of a different race or color was treated more favorably.  Plaintiff fails to detail any disparate treatment that establishes the fourth pleading requirement of a Title VII claim.

Finally, Plaintiff also fails to establish the second pleading requirement—that she was meeting her employer's legitimate job expectations.  It appears that Plaintiff was unhappy with a late change in assignment, and she complained to nurse Crowe about it.  However, according to the Corrective Action Notice, the expectations of the job are that an employee accept changes in assignments during a shift and go where they are assigned.  In this case, Plaintiff also admits to refusing to follow the instructions of her nurse manager and help a coworker when asked to do so.  As such, the facts alleged do not establish that Plaintiff was meeting her employer's legitimate job expectations.

Altogether, the evidence presented by Plaintiff does not suggest that she was fired due to her race.  Plaintiff admits to complaining about a change in assignment and to failing to follow a direct order from her nurse manager.  The facts alleged do not indicate that Plaintiff's termination was rooted in any illegal discriminatory animus.  Because Plaintiff fails to assert facts establishing all four pleading requirements for a Title VII discrimination claim, this claim must be dismissed for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

**II.     Retaliation Claim Fails**

Title VII also prohibits retaliation against an employee, when that employee "has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]."  42 U.S.C. § 2000e–3(a).  To establish a prima facie case of Title VII retaliation, plaintiff must show that: (1) she engaged in protected conduct; (2) she suffered a materially adverse employment action; and (3) the adverse action was causally linked to the protected conduct.  *Jackman*, 728 F.3d at 804 (citation omitted).

In this case, the Court can discern no protected conduct engaged in by Plaintiff for which she allegedly suffered retaliation.  To the extent Plaintiff seeks to claim that the complaint she was going to make to her supervisor was a Title VII racial discrimination complaint, there are no allegations to support this.  Furthermore, there is no evidence that Plaintiff actually ever submitted a complaint or that the complaint had any causal link to Plaintiff's termination.  Plaintiff has not alleged enough facts to establish a prima facie

8

case of Title VII retaliation. This claim must also be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

## Conclusion

For these reasons, Plaintiff's Amended Complaint does not allege sufficient facts to support a claim of discrimination or retaliation under Title VII. Therefore, this case will be dismissed without prejudice, for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 24th day of July, 2025.

　　　　　　　　　　　　　　　　　_/s/ Stephen N. Limbaugh, Jr._
　　　　　　　　　　　　　　　　　STEPHEN N. LIMBAUGH, JR.
　　　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE